NOT FOR PUBLICATION                                    [Docket No. 77]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ROBERT FRIEDLAND, | |
|          Plaintiff, | |
|      v. | Civil No. 06-2583(RMB) |
| HAYMAN, et al., | |
|          Defendants. | **OPINION** |

APPEARANCES

Robert Friedland
P.O. Box 703
Elizabeth, NJ 07207
     Plaintiff Pro Se

Kyle Kamal Bradley, Esq.
State of New Jersey, Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08625
     Counsel for Defendants Hayman and Robertshaw

David Laughlin, Esq.
Stout & O'Hagan, Esqs.
3455 Route 66
Neptune, NJ 07753
     Counsel for Defendant Fraser

Linda Grasso Jones, Esq.
Cleary, Alfieri, Jones & Hoyle, Esqs.
Lakeview Professional Building
5 Ravine Drive
P.O. Box 533
Matawan, NJ 07747
     Counsel for Defendants Board of Chosen Freeholders

Donald Greer, Jr., Esq.
Marriott Casagrande, Callahan, Blair & Greer, PC
2405 State Highway 71
Spring Lake Heights, NJ 07762
     Counsel for Defendant Kudrick

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court upon a motion by Defendant George Hayman, Commissioner of the New Jersey Department of Corrections, to dismiss the Plaintiff's claims asserted against him pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment.  Plaintiff has failed to file opposition to this motion.  Because Defendant's motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted."  Brandon v. Warden No. State Prison, 2006 U.S. Dist. LEXIS 27471 at *3 (D.N.J. 2006) (quoting Allebach v. Sherrer, 2005 U.S. Dist. LEXIS 15626 *5 (D.N.J 2005)).  The Court notes that all claims against Mr. Hayman in his official capacity have already been dismissed. [Docket No. 57].

**Factual Background**:

Plaintiff Robert Friedland was incarcerated at the Monmouth County Correctional Institution ("MCCI") from September 2004 through March 2006.  On December 21, 2006, Plaintiff filed a Second Amended Complaint in this Court.  Generally, his claim alleges that the Defendants in the above-captioned matter knew that he had been threatened by another inmate yet refused to protect his safety.  As a result of this alleged failure to protect, Plaintiff was assaulted by a "gang affiliated" inmate.

Plaintiff further alleges that after he was attacked, he was not given medical treatment and that Defendants refused to issue a report.

With regard to the moving Defendant, Plaintiff's alleges that Hayman had direct custody of the Plaintiff and that he was "aware of the threats made against the [P]laintiff" and aware of the assault against the Plaintiff at MCCI by a gang member who was a "State Inmate housed at the County Jail but in the custody of the Department of Corrections."  Despite this knowledge, Hayman continued to allow Plaintiff and a gang member to be housed in the same unit and let the threats continue.  Plaintiff also avers that Hayman allowed the denial of medical treatment, falsification of medical records, and Plaintiff "to be transferred to a facility where members of the same gang were housed."

**Standard of Review:**

Defendant has moved pursuant to 12(b)(6) or, in the alternative, for summary judgment.  The Court will treat this motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  See Scott v. Graphic Communs. Int'l Union, Local 97-B, 92 Fed. Appx. 896, 902-03 (3d Cir. 2004) (finding that treatment of motion to dismiss as motion for summary judgment was proper because motion was brought in the alternative and therefore the

plaintiff had adequate notice that motion might be considered on summary judgment standard).

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2] Liberty Lobby, 477 U.S.

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**Discussion:**

Construing Plaintiff's pro se submission liberally, this Court reads his claim against Hayman as a failure to protect claim in violation of his Eighth Amendment rights. Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, which includes taking "reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotations omitted). "Accordingly, the Eighth Amendment imposes a duty upon prison officials to protect prison inmates from violence at the hands of other prisoners." Day v. Fed. Bureau of Prisons, 233 Fed. Appx. 132, 2007 U.S. App. LEXIS 9927 *4 (3d Cir. 2007).

As an initial matter, Hayman moves to dismiss Plaintiff's claim stating that Hayman cannot be held liable for failure to protect because Hayman has no authority or control over the day-today operations of county correctional institutions and, at the time of the assault, Plaintiff was not committed to State correctional institutions. Because this Court finds that the cases cited by Defendant are not entirely persuasive on this point, and, as discussed below, finds that Plaintiff's claim

nevertheless fails on the merits, the Court will not reach that issue here.[3]

In order to bring a successful claim for failure to protect, an inmate must demonstrate 1) that he is "incarcerated under conditions imposing a substantial risk of serious harm" and 2) the officials acted with deliberate indifference to an inmate's health or safety.  Farmer, 511 U.S. at 834.  The second factor requires "an actual subjective appreciation of a substantial risk."  Day, 2007 U.S. Dist. LEXIS 9927 at * 5 (citing Farmer, 511 U.S. at 837-38).

"Whether . . . prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842.  Deliberate indifference is more than a mere lack of ordinary due

---

[3] While this Court is mindful of the Third Circuit's admonition that "'it is imperative to resolv[e] immunity questions at the earliest possible stage in litigation,'" Hubbard v. Taylor, 399 F.3d 150, 167 (3d Cir. 2005) (quoting Saucier v. Katz, 533 U.S. 194, 200-01 (2001)), and that Hayman has asserted a qualified immunity defense in the alternative, this is a case where Plaintiff has failed to set forth any supported facts in favor of his claim.  All this Court has to consider are the mere allegations contained in his Complaint, which are insufficient to sustain a summary judgment motion.  Therefore, this Court finds that it need not look to Defendant's qualified immunity defense in light of Plaintiff's failure to set forth any facts in support of his claim.

care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Id. at 834.
Here, Plaintiff's Eighth Amendment failure to protect claim against Hayman fails; Plaintiff has not set forth facts from which a reasonable jury could conclude that Hayman had knowledge of a substantial risk of harm and was deliberately indifferent or recklessly disregarded such a risk.  Instead, Plaintiff relies on mere assertions and bald conclusions that Hayman was aware of threats made against the Plaintiff and allowed Plaintiff to be housed in the same unit as gang members.

"While generalized allegations of injury may suffice at the pleading stage, a plaintiff can no longer rest on such 'mere allegations' in response to a summary judgment motion, but must set forth 'specific facts' by affidavit or other evidence."  Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 161 (3d Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  Without specific facts demonstrating that Hayman had knowledge of the threats or assault on the Plaintiff, no jury could conclude that Hayman was indeed aware of threats made against Plaintiff and ignored them.  The same is true of Plaintiff's related general allegations that after the attack, Hayman allowed the denial of medical care and falsification of records.  Plaintiff has set forth no facts from which a reasonable jury could find that Hayman had knowledge of a denial of medical care or a

falsification of records.  As such, Hayman's motion for summary judgment will be granted.

An appropriate Order will issue this date.


Dated: August 15, 2008                    s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE