NOT FOR PUBLICATION                    [Docket Nos. 72 & 80]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| ROBERT FRIEDLAND,<br><br>                    Plaintiff,<br><br>     v.<br><br> HAYMAN, et al.,<br><br>                    Defendants. | Civil No. 06-2583(RMB)<br><br>**OPINION** |

APPEARANCES

Robert Friedland
P.O. Box 703
Elizabeth, NJ 07207
     Plaintiff Pro Se

Kyle Kamal Bradley, Esq.
State of New Jersey, Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08625
     Counsel for Defendants Hayman and Robertshaw

David Laughlin, Esq.
Stout & O'Hagan, Esqs.
3455 Route 66
Neptune, NJ 07753
     Counsel for Defendant Fraser

Linda Grasso Jones, Esq.
Cleary, Alfieri, Jones & Hoyle, Esqs.
Lakeview Professional Building
5 Ravine Drive
P.O. Box 533
Matawan, NJ 07747
     Counsel for Defendants Board of Chosen Freeholders

Donald Greer, Jr., Esq.
Marriott Casagrande, Callahan, Blair & Greer, PC
2405 State Highway 71
Spring Lake Heights, NJ 07762
     Counsel for Defendant Kudrick

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court upon two motions: 1) a motion by Defendants Monmouth County Board of Chosen Freeholders ("Freeholders") for summary judgment [Docket No. 72], and 2) a motion by Defendant Kudrick to dismiss Plaintiff's Complaint for failure to comply with a Court Order [Docket No. 80]. The Court will address these pending motions in turn.

1) The Freeholders' Motion for Summary Judgment

**Background:**

Plaintiff has failed to file opposition to the motion for summary judgment, though in a letter dated June 8, 2008, Plaintiff noted that he "objects" to the motion. [Docket No. 78]. Plaintiff failed to follow-up with written opposition. Because the Freeholders' motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden No. State Prison, 2006 U.S. Dist. LEXIS 27471 at *3 (D.N.J. 2006) (quoting Allebach v. Sherrer, 2005 U.S. Dist. LEXIS 15626 *5 (D.N.J 2005)).

Plaintiff Robert Friedland was incarcerated at the Monmouth County Correctional Institution ("MCCI") from September 2004 through March 2006. On December 21, 2006, Plaintiff filed a Second Amended Complaint in this Court. Generally, his claim

alleges that the Defendants in the above-captioned matter knew that he had been threatened by another inmate yet refused to protect his safety.  As a result of this alleged failure to protect, Plaintiff was assaulted by a "gang affiliated" inmate. Plaintiff further alleges that after he was attacked, he was not given medical treatment and that Defendants refused to issue a report.

With regard to the Freeholders, Plaintiff alleges that they "are in direct control of the Operations at MCCI," and were aware of threats being made by gang members against the Plaintiff. Despite this knowledge, the Freeholders failed to protect Plaintiff's safety and allowed MCCI to cover up the incident.

**Applicable Standard:**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**Discussion:**

Construing Plaintiff's pro se submission liberally, this Court reads his claim against the Freeholders as a failure to protect claim in violation of his Eighth Amendment rights. Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, which includes taking "reasonable measures to guarantee the safety of inmates."  Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811

---

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

(1994) (internal quotations omitted).  "Accordingly, the Eighth Amendment imposes a duty upon prison officials to protect prison inmates from violence at the hands of other prisoners."  Day v. Fed. Bureau of Prisons, 233 Fed. Appx. 132, 2007 U.S. App. LEXIS 9927 *4 (3d Cir. 2007).

As an initial matter, the Freeholders move for summary judgment arguing that the Freeholders have no duty to provide for the care and custody of inmates at MCCI because, pursuant to N.J. Stat. Ann. § 30:8-17, "Except as otherwise in this chapter provided the sheriff of every county shall have the care, custody and control of the county jail or jails and all prisoners therein, and shall be responsible for the conduct of any keeper appointed by him."  While it is possible for the Freeholders to pass a resolution to take over custody of the jails pursuant to N.J. Stat. Ann. § 30:8-19, there is no evidence before this Court that the Monmouth County Board of Chosen Freeholders has taken custody of the jails.  As such, there appears to be no basis for asserting liability against the Freeholders and they are entitled to summary judgment.

Furthermore, even if this Court were to assume that the Freeholders had custody of the jail, Plaintiff has set forth no facts from which a reasonable jury could conclude that the Freeholders failed to protect Plaintiff.  In order to bring a successful claim for failure to protect, an inmate must

demonstrate: 1) that he is "incarcerated under conditions imposing a substantial risk of serious harm" and 2) the officials acted with deliberate indifference to an inmate's health or safety.  Farmer, 511 U.S. at 834.  The second factor requires "an actual subjective appreciation of a substantial risk."  Day, 2007 U.S. Dist. LEXIS 9927 at * 5 (citing Farmer, 511 U.S. at 837-38). Plaintiff relies on mere assertions and bald conclusions that the Freeholders were aware of threats made against the Plaintiff. "While generalized allegations of injury may suffice at the pleading stage, a plaintiff can no longer rest on such 'mere allegations' in response to a summary judgment motion, but must set forth 'specific facts' by affidavit or other evidence."  Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 161 (3d Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Without specific facts demonstrating that the Freeholders had knowledge of the threats, no jury could conclude that the Freeholders failed to protect Plaintiff.

2) Defendant Kudrick's Motion to Dismiss

**Background:**

   In the pending motion to dismiss, Kudrick asks that Plaintiff's complaint be dismissed for failure to comply with discovery orders.  On May 5, 2008 [Docket No. 74], Plaintiff was

ordered to provide more specific answers to interrogatories numbers six through twenty by May 30, 2008.  To date, Plaintiff has failed to provide those answers despite repeated requests from Kudrick.  On August 12, 2008, this Court filed an Order compelling Plaintiff to show cause why his Complaint should not be dismissed for failure to comply with a prior Order. [Docket No. 81].

By written submission dated August 15, 2008, Plaintiff wrote to this Court stating that he responded "as best I could [to the interrogatories] with the information I had."  He states that he replied to the attorney offering to allow him "to question me personally" and asking for more specifics as to what the attorney wants from Plaintiff by way of answers.  Plaintiff also states that Defendants "refuse to turn over my legal papers" and that he needs those papers in order to properly respond to those interrogatories.  Finally, Plaintiff states that he has been diagnosed with cancer and receiving treatment, rendering him unavailable over the past few weeks. [Docket No. 84].


**Applicable Standard:**

Federal Rule of Civil Procedure 37 allows the Court to "dismiss the action . . . or any party thereof" for a failure "to obey an order to provide or permit discovery" and "to serve answers or objections to interrogatories." Fed. R. Civ. P.

37(b)(2)(C), (d).  In determining whether dismissal pursuant to this rule is warranted, courts consider and balance six factors: 1) the extent of the party's responsibility; 2) the prejudice to the adversary caused by the party's actions or inactions; 3) a history of dilatoriness; 4) whether the misconduct of the party was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Smith v. County of Monmouth, 2006 U.S. Dist. LEXIS 45967 (D.N.J. July 7, 2006).

Considering each of these factors, notably unaddressed by Defendant Kudrick, dismissal pursuant to Rule 37 is not warranted at this juncture.  While Plaintiff is pro se and, therefore, liable for his failure to respond, it is unclear the extent to which his ability to provide information has been hindered by the unavailability of documents in the possession of Defendants in this matter.  Moreover, there does not appear to be a history of dilatoriness on Plaintiff's part and Kudrick has failed to set forth how he would be prejudiced if this Court gave Plaintiff more time to respond.  Plaintiff's most recent letter in response to the Order to show cause, seems to undercut any assumption of willfulness or bad faith on his part.  At this juncture, the sanction of dismissal is not called for and this Court will deny Kudrick's motion without prejudice.

An appropriate Order will issue this date.


Dated: August 19, 2009                   s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE