[NOT FOR PUBLICATION]                                   [Docket No. 87]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

ROBERT FRIEDLAND                :
                                :
          Plaintiffs,           :   Civil Action No. 06-2583 (RMB)
                                :
      v.                        :   **MEMORANDUM AND ORDER**
                                :
GEORGE HAYMAN et al.,           :
                                :
          Defendants.           :

---

**BUMB**, United States District Judge:

   This matter comes before the Court upon a motion for summary judgment by defendant William J. Fraser (the "Defendant"), warden of the Monmouth County Correctional Institution ("MCCI"), pursuant to Federal Rule of Civil Procedure 56.  [Docket No. 87.] Plaintiff Robert Friedland (the "Plaintiff"), an MCCI inmate from September 2004 through March 2006, alleges in the Second Amended Complaint that Defendant refused to ensure Plaintiff's safety despite knowledge that he had been threatened by another inmate; and further, that he was not given medical treatment and no report was issued after a fellow inmate attacked him.  Construing Plaintiff's pro se submissions liberally, this Court reads his Second Amended Complaint as alleging a claim of failure to protect in violation of his Eighth Amendment rights, raised under 42 U.S.C. § 1983.  Defendant now asserts two grounds for summary

judgment: first, that Plaintiff cannot establish that Defendant had the requisite "deliberate indifference" to sustain an Eighth Amendment claim; and second, that Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine.[1]

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  Here, Plaintiff has failed to file opposition to the present motion; thus, the Court will "treat all facts properly supported by the movant to be uncontroverted."  Brandon v. Warden No. State Prison, 2006 U.S. Dist. LEXIS 27471, at *3 (D.N.J. 2006) (citation omitted).

The first asserted ground for summary judgment is that Plaintiff cannot establish Defendant's "deliberate indifference," which is required to sustain a § 1983 claim alleging a violation of the Eighth Amendment.  On August 15, 2008, the Court granted

---

[1] The Court notes that Defendant filed this motion for summary judgment out of time. [See Docket No. 65 (setting the deadline of August 15, 2008 for the filing of dispositive motions).]  The Court will consider the motion nonetheless, because Plaintiff has neither objected to extension of the relevant deadline, nor responded substantively to the motion.

summary judgment on this ground to co-defendant George Hayman, commissioner of the New Jersey Department of Corrections, and the Court incorporates by reference its August 15th OPINION [Docket No. 82], the rationale of which applies equally here.

To summarize, in order to bring a successful claim for failure to protect, an inmate must demonstrate that the defendant-officials acted with deliberate indifference to the inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  This requires a showing that the officials had "an actual subjective appreciation of a substantial risk."  Day, 2007 U.S. Dist. LEXIS 9927, at * 5 (citing Farmer, 511 U.S. at 837-38).  "While generalized allegations of injury may suffice at the pleading stage, a plaintiff can no longer rest on such 'mere allegations' in response to a summary judgment motion, but must set forth 'specific facts' by affidavit or other evidence."  Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 161 (3d Cir. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

Here, Plaintiff has not set forth facts from which a reasonable jury could conclude that Defendant had knowledge of a substantial risk of harm and was deliberately indifferent to or recklessly disregarded such a risk.  Instead, Plaintiff relies on mere assertions and bald conclusions that Defendant was aware of threats made against the Plaintiff and allowed Plaintiff to be housed in the same unit as gang members.  Since Plaintiff's

3

unsupported claims are insufficient to establish the requisite "deliberate indifference," the Court will grant summary judgment on this basis.

Defendant's second asserted ground for summary judgment is that Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine, since Plaintiff brought a nearly identical action in state court, [Docket No. 87, Ex. B [State Court Docket No. DC-001151-06],] which was dismissed on summary judgment in April 2006.  The Entire Controversy Doctrine requires that a party bring "in one action all affirmative claims that it might have against another party . . . or be forever barred from bringing a subsequent action involving the same underlying facts."  Rycoline Products, Inc., v. C&W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (internal quotations omitted).  It is to be applied to bar "all claims that were actually litigated or could have been litigated in previous state court actions."  Tilbury v. Aames Home Loan, 2005 U.S. Dist. LEXIS 32221, at *29 (D.N.J. Dec. 9, 2005).  In determining whether to apply this Doctrine,

> the main test . . . is whether 'the claims against the different parties arise from related facts or the same transaction or series of transactions.  It is the core set of facts that . . . triggers the requirement that [the claims] be determined in one proceeding.'

Sutton v. Sutton, 71 F. Supp 2d 383, 390 (D.N.J. 1999) (quoting DiTrolio v. Antiles, 142 N.J. 253, 267-68, 662 A.2d 494 (1995)).

A comparison of Plaintiff's Second Amended Complaint,

currently pending in this Court, with Plaintiff's prior state court submissions, reveals that Plaintiff's allegations in the current suit arise from the same set of facts presented to the state court.  Defendant also raised this basis for relief in a motion for summary judgment filed a year ago, on October 4, 2007 [Docket No. 47], which this Court denied without prejudice in reliance upon Plaintiff's proffer that the production of discovery would establish that events succeeding the state action actually gave rise to this federal suit [Docket No. 57]. Apparently, no such evidence has emerged from discovery.[2]  Thus, the Court grants summary judgment on the ground that Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine, in addition to the ground that Plaintiff cannot establish the requisite "deliberate indifference" of Defendant.

The Entire Controversy Doctrine applies equally to the last remaining defendant in this action, Officer Kudrick, who was also a named party in the above-mentioned state court lawsuit.  For this reason, and for reasons of "[j]udicial economy and efficiency," Cogdell by Cogdell v. Hospital Center at Orange, 116 N.J. 7, 23, 560 A.2d 1169 (1989), the Court will, sua sponte,

---

[2] Since Plaintiff has not responded to this motion for summary judgment, the Court leaves open the possibility that such evidence may, in fact, exist, in which case, Plaintiff may move for reconsideration pursuant to Fed. R. Civ. P. 60(b).

dismiss all claims against Officer Kudrick as well.[3]  Accord Carney v. Paramount Theater, slip op., 2006 WL 3511183, *3 (D.N.J. 2006) (dismissing, sua sponte, for violating the Entire Controversy Doctrine); Netix, Inc. v. County of Middlesex, slip op., 2007 WL 4462744, *7-8 (N.J. Super. 2007) (affirming a sua sponte dismissal on Entire Controversy grounds); Aikens v. Schmidt, 329 N.J. Super. 335, 341, 747 A.2d 824 (2000) (holding that courts may not, sua sponte, dismiss on Entire Controversy grounds if that affirmative defense has not been pleaded or otherwise timely raised).

For these reasons, it is on this **8th** day of **December** 2008, hereby **ORDERED** that Defendant's motion for summary judgment is **GRANTED**; and

It is further **ORDERED** that all claims against defendant Officer Kudrick shall be **DISMISSED**;

It is further **ORDERED** that the Clerk **CLOSE** this file.

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> UNITED STATES DISTRICT JUDGE

---

[3] Officer Kudrick filed a motion for summary judgment on this ground more than a year ago, on October 1, 2007 [Docket No. 46], which the Court denied without prejudice for the reasons discussed above [Docket No. 57].  He also pleaded this defense in his Answer.  [Docket No. 45, at 7, Def. No. 31.]  Counsel for Officer Kudrick, Donald K. Greer, Jr., informed the Court by telephone on December 3, 2007, that he had intended to join Warden Fraser's motion for summary judgment.  The Court need not require the parties to continue litigating this action merely because of Mr. Greer's unfortunate oversight.